**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4392**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ARMANDO TAPIA-MARTINEZ, a/k/a Hector Miguel Tapia-Martinez,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:13-cr-00313-H-1)

Submitted:  November 14, 2014        Decided:  November 19, 2014

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armando Tapia-Martinez appeals his thirty-six-month sentence imposed following his guilty plea to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, he challenges the substantive reasonableness of his sentence. Finding no error, we affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing for substantive reasonableness, the district court "tak[es] into account the totality of the circumstances." Id. at 51. If the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [2012] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

Tapia-Martinez argues that, "[c]onsidering [his] background, the fact that he returned to the United States only to regain custody of his autistic son and the fact that he intended to immediately return to Mexico once custody and travel arrangements for his son could be arranged," the thirty-six-

2

month sentence imposed by the district court was greater than necessary to satisfy the statutory purposes of sentencing. (Appellant's Br. at 7). He claims that, over the past seven years, he has "demonstrated his willingness to obey the law and remain outside the United States and a personal commitment to his children and family. It was not until these two principles came into conflict that [he] returned to the United States." (Id. at 10).

Notably, Tapia-Martinez does not challenge the procedural reasonableness of his sentence or argue that the district court failed to adequately explain the chosen sentence. Although the district court's explanation was brief, it noted the need for "deterrence and protection" in Tapia-Martinez' case (J.A. 38), and gave Tapia-Martinez an opportunity to present his mitigating factors at sentencing. Tapia-Martinez was given the within-Guidelines sentence that he requested, and his argument is essentially just a disagreement with the district court's weighing of the § 3553(a) factors and ultimate decision to sentence him at the high end of the Guidelines range. Because Tapia-Martinez has failed to rebut the presumption of reasonableness, we conclude that his sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED